# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20476

ERNESTO SOLIS; RENEE SOLIS,

       Plaintiffs - Appellants

v.

U.S. BANK, N.A.,

       Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-661

Before JOLLY, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

After U.S. Bank threatened foreclosure on their manufactured home, the Solises sued U.S. Bank under the Texas Property Code and the Real Estate Settlement Procedures Act, and also brought quiet title and trespass to try title claims. The district court dismissed the complaint for failure to state a claim. We affirm.

The Solises acquired a construction loan from U.S. Bank in 2010. They hired Palm Harbor Homes, Inc. ("Palm Harbor") as the general contractor to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20476

build and install the home on their property. The Solises allege in their complaint that: (1) U.S. Bank paid loan proceeds to Palm Harbor twice without the Solises' consent; (2) Palm Harbor defectively built the foundation and the home; (3) they attempted to contact U.S. Bank about loss mitigation several times after 2010, but U.S. Bank only instructed them to fill out an application in 2014; (4) U.S. Bank provided no reason for its denial of that application in 2015; (5) U.S. Bank failed to respond to inquiries about discrepancies in the total amount due on the loan and the amount in suspension.

Appellants further allege that U.S. Bank collected an insurance claim on the property in 2015 but did not apply the proceeds to the loan. U.S. Bank also allegedly sent the Solises notice of default and notice of a foreclosure sale at the same time in violation of Texas law.

The Solises filed suit in state court to enjoin foreclosure and obtained a temporary restraining order. No foreclosure has taken place. U.S. Bank removed the dispute to federal court. The district court denied U.S. Bank's first motion to dismiss without prejudice but ordered the Solises to amend their complaint. U.S. Bank then moved to dismiss the amended complaint for failure to state a claim. The court granted the motion, and the Solises appealed.

We review de novo the grant of a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 512-13 (5th Cir. 2018) (citations and internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

No. 17-20476

Appellants argue that U.S. Bank violated Texas Property Code § 51.002, which governs foreclosure of real property. The district court held that this section does not provide a private right of action. *Solis v. U.S. Bank, N.A.*, No. H-16-00661, 2017 WL 4479957, at \*2 (S.D. Tex. June 23, 2017) (citing *Carey v. Fargo*, No. CV H-15-1666, 2016 WL 4246997, at \*3 (S.D. Tex. Jul. 19, 2013)). Although they persist in claiming that U.S. Bank violated § 51.002, the Solises have failed to brief why they might have a private cause of action, and the issue is consequently waived.[1] *N.W. Enters., Inc. v. City of Houston*, 352 F.3d 162, 183 n.24 (5th Cir. 2003).

The Solises contend that they have stated plausible reasons why U.S. Bank violated the Real Estate Settlement Procedures Act 12 U.S.C. § 2605(f) and regulations 12 C.F.R. §§ 1024.35, 1024.39, and 1024.41.[2] Section 1024.35 requires a servicer of a loan to furnish a written response to a notice of error "for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred." *Id.* § 1024.35(a). Their complaint, however, does not allege that they provided the required written notice to U.S. Bank. This claim is insufficiently pled.

They next argue that U.S. Bank violated section 1024.39 by "failing to provide accurate information to [them] for loss mitigation options and foreclosure." Under certain circumstances, this Section requires the servicer

---

[1] The district court construed this claim as a wrongful foreclosure claim and dismissed it because foreclosure had not yet occurred. *Solis*, 2017 WL 4479957 at \*3. The Solises waived this issue by failing to brief it. *N.W. Enters., Inc.*, 352 F.3d at 183 n.24.

[2] The Solises also argue for the first time on appeal that U.S. Bank violated 12 U.S.C. § 2605(e). Arguments not presented to the district court are waived. *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 257 n.15 (5th Cir. 2008).

of the loan to "make good faith efforts to establish live contact with a delinquent borrower . . . [and] inform the borrower about the availability of loss mitigation options." *Id.* § 1024.39. As pointed out by the district court, Appellants allege only that U.S. Bank did not provide *accurate* information, not that U.S. Bank failed to make a good faith effort to inform them of their loss mitigation options. *Solis*, 2017 WL 4479957, at *4. This claim must also fail.[3]

Section 1024.41 concerns loss mitigation procedures and U.S. Bank does not contest that it embodies a private cause of action. The Solises argue U.S. Bank violated this section by failing to provide them with specific reasons for the denial of their loss mitigation application and by moving for foreclosure "prior to providing a specific reason or reasons for denial of all loan workout alternatives." The Solises state they submitted the loss mitigation application after being told to do so by U.S. Bank in 2014 and that they contacted U.S. Bank about the application "months later." They further allege that "about" January 2015, U.S. Bank informed the Solises over the phone that it was denying the application. Section 1024.41 applies to loss mitigation applications received more than 37 days before a foreclosure sale. § 1024.41(c)(1). The Section does not cover duplicative requests when "the servicer has previously complied with the requirements of [the] section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application." § 1024.41(i). The district court did not err when it held that the Solises failed to allege that this application was their first complete loss

---

[3] The district court held in the alternative that sections 1024.35 and 1024.39 do not provide for private rights of action. *Solis*, 2017 WL 4479957, at *3-4 (citing *Gresham v. Wells Fargo Bank, N.A.*, 642 Fed App'x 355, 359 & n.16 (5th Cir. 2017). This unpublished opinion is non-precedential.

No. 17-20476

mitigation application. Moreover, it does not appear to be complete. Thus, Appellants again failed to plead the prerequisites of a plausible claim.

The Solises finally re-assert quiet title and trespass to try title claims. The only basis for these is U.S. Bank's alleged failure to comply with statutory procedures for foreclosure. Inasmuch as the bank has never reinstituted, much less accomplished foreclosure, as reflected in the judicial records, this claim is facially implausible.

For the foregoing reasons, we **AFFIRM**.